U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JUN 21  AM 11: 52

CLERK
BY *EH*
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JILL DECKER, ) | |
| ) | |
| *Plaintiff*, ) | Case No. 2:21-cv-164 |
| ) | |
| v. ) | |
| ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| *Defendant*. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1442(a)(1), the United States Department of Homeland Security ("DHS"), through its attorney, Jonathan A. Ophardt, Acting United States Attorney for the District of Vermont, hereby removes the civil action captioned *Jill Decker v. Department of Homeland Security*, Case No. 21-CV-00561, from the Vermont Superior Court, Civil Division, Chittenden Unit, to the United States District Court for the District of Vermont. The grounds for removal are as follows:

1. On or about March 17, 2021, Jill Decker ("Plaintiff") filed a complaint against DHS in the Vermont Superior Court, Civil Division, Chittenden Unit, thereby commencing this civil action under the caption *Jill Decker v. Department of Homeland Security*, Case No. 21-CV-00561. A copy of Plaintiff's complaint, dated March 17, 2021, in annexed hereto as **Exhibit A**.

2. Plaintiff's complaint, the caption of which refers to this Court rather than the state court in which Plaintiff filed the complaint, appears to allege that Plaintiff is employed by DHS and that DHS discriminated against Plaintiff on the basis of her gender and her age in connection with an employment action taken in mid-to-late 2015. *See* Complaint at ¶¶ 5-20.

3. As a federal employee, Plaintiff has no judicial remedy for employment discrimination under Vermont law; the only judicial remedies that are potentially available to a federal employee who is claiming employment discrimination based on gender or age are those remedies which are provided by Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"), respectively. *See, e.g., Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996) ("Title VII is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex, or national origin.") (internal quotation omitted); *Avillan v. Brennan*, No. 16-CV-5611, 2018 WL 4680027, at *1 n.1 (S.D.N.Y. Sept. 28, 2018) (noting that the plaintiff's claims for relief under state law were dismissed with prejudice because Title VII and the ADEA provide the exclusive remedies for federal employees alleging employment discrimination prohibited by those statutes) (citing *Briones*, 101 F.3d at 289).

4. This action is thus properly removed pursuant to 28 U.S.C. § 1441, which provides for the removal of "any civil action brought in a State court of which the district courts of the Untied States have original jurisdiction." 28 U.S.C. 1441(a). "This is so because when [a] federal statute completely pre-empts [a] state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) (internal quotation omitted); *see also Wood v. Vermont Ins. Mgmt., Inc.*, 749 F. Supp. 558, 559 (D. Vt. 1990) ("If the only remedy available to plaintiff is federal, because of preemption or otherwise, and the state court necessarily must look to federal law in passing on the claim, the case is removable regardless of what is in the pleading.") (quoting 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3722 (2d ed. 1985)).

5.  This action is also properly removed pursuant to 28 U.S.C. § 1442, which permits the removal of "[a] civil action that is commenced in a State court and that is against or directed to . . . [t]he United States or any agency thereof . . . ." 28 U.S.C. § 1442(a)(1).

6.  Removal of this action is also timely pursuant to 28 U.S.C. § 1446 because, upon information and belief, Plaintiff has not yet properly served a summons and a copy of her complaint upon DHS. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 35-56 (1999) (holding that the 30-day period for removal in accordance with 28 U.S.C. § 1446 begins to run upon proper service of process); *Dernier v. Mortg. Network, Inc.,* No. 20-CV-56, 2021 WL 1109464, at *3-4 (D. Vt. Mar. 23, 2021) (holding that removal was timely where the plaintiff had not yet properly served the defendants with process); *Pietrangelo v. Alvas Corp.*, 664 F. Supp. 2d 420, 429-30 (D. Vt. 2009) (same), *aff'd*, 487 F. App'x 629 (2d Cir. 2012), and *aff'd*, 686 F.3d 62 (2d Cir. 2012), and *aff'd*, 487 F. App'x 629 (2d Cir. 2012).

7.  WHEREFORE, the action captioned *Jill Decker v. Department of Homeland Security*, Case No. 21-CV-00561, is hereby removed to this Court from the Vermont Superior Court, Civil Division, Chittenden Unit.

Dated at Burlington, in the District of Vermont, this 21st day of June, 2021.

Respectfully submitted,

JONATHAN A. OPHARDT
Acting United States Attorney

By: /s/ Ben Weathers-Lowin
BENJAMIN WEATHERS-LOWIN
Assistant United States Attorney
United States Attorney's Office
P.O. Box 570
Burlington, Vermont 05402
(802) 951-6725
Ben.Weathers-Lowin@usdoj.gov

*Attorney for Defendant*

3