**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF VERMONT**

**JILL DECKER**
**Plaintiff**

v.                                                    **CASE NO:**

**DEPARTMENT OF HOMELAND SECURITY**
**Defendant**

## COMPLAINT

Pursuant to V.R.C.P. 8, Jill Decker files this Complaint against Defendant Department of Homeland Security and alleges as follows:

1. Jill Decker is a resident of Essex, Chittenden County, Vermont.

2. Defendant Department of Homeland Security is a United States government agency with its principle place of business located in St. Albans, Vermont.

3. This Court has jurisdiction over this action pursuant to 4 V.S.A. §113.

4. Venue resides in this Court pursuant to 12 V.S.A. §402.

5. Jill Decker started working for the Department of Homeland Security in 2015 as an Immigration Officer.

6. The Defendant hired the Plaintiff into that position.

7. Prior to working with the Department of Homeland Security as an Immigration Service Officer, Jill Decker had worked for 14 years as a Law Enforcement Specialist

1

and a Records Technician, work for which she earned accommodations for her efforts and results.

8. As part of her work as an Adjudicator, the Department of Homeland Security required her to undergo training in the Basic Program.

9. Ms. Decker embarked on that training into September 2015. The Basic Training Academy took place in Dallas, Texas.

10. During the Basic Training Academy, Jill Decker received misinformation about how to use search mechanisms when studying for the training and testing. This misinformation thwarted her ability to efficiently use her time and resulted in low test scores.

11. During the last week of training, Ms. Decker learned that her Mother had suffered a heart attack which suffered Ms. Decker significant distress.

12. As a result of this distress, Ms. Decker did not perform well enough on the basic examination to pass.

13. Ms. Decker's failure to pass the basic exam resulted in the Defendant demoting her to a lesser position at the Department of Homeland Security.

14. Ms. Decker requested the opportunity to retake the basic training but the Defendant refused, stating that it had no discretion in that regard.

15. Subsequent to Ms. Decker's experience at Basic, another employee from the Department of Homeland Security also failed the basic exam but was provided the opportunity to retake the examination.

16. Subsequent to her demotion, the Defendant engaged in a pattern in subtle and overt harassment designed to coerce Ms. Decker into leaving her employment.

17. At the time of her Basic training, Jill Decker was 63 years old.

2

18. The Defendant's harassment of Ms. Decker violated the Defendant's own policies which required respectful treatment of all employees.

19. Upon information and belief, the Defendant's harassment was designed to force Jill Decker out of her position.

20. Upon information and belief, the Defendant's refusal to provide Jill Decker with an opportunity to retake basic, an opportunity which was afforded to a fellow male employee, was denied to her on the basis of gender and age.

21. The Defendant's breach of Jill Decker's rights constituted a violation of 21 V.S.A. §495a and resulted in damages to Jill Decker.

22. Ms. Decker's damages include emotional distress, wage loss, which resulted in the reduced pension over the course of her lifetime, and loss of vacation and sick time.

WHEREFORE, Jill Decker seeks Judgment against Defendant Department of Homeland Security for breach of her duties to her as an employee and seeks an award compensatory damages and whatever other relief the Court deems just and equitable.

Dated this ____ day of March 2021 at Burlington, Vermont

**McVeigh ♦ Skiff**
**Attorneys for the Plaintiff**

BY: _____
Christopher McVeigh, Esq.
McVeigh Skiff, LLP
P.O. Box 1112
Burlington, VT 05402-1112
(802) 660-2466