```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

JILL DECKER,                    )
                                )
     Plaintiff,                 )
                                )
     v.                         )     Case No. 2:21-cv-164
                                )
ALEJANDRO MAYORKAS,             )
Secretary, Department of        )
Homeland Security               )
                                )
     Defendant.                 )
```

## OPINION AND ORDER

Plaintiff Jill Decker brings this action claiming her employer, the Department of Homeland Security ("DHS"), discriminated against her on the basis of age and sex. Plaintiff further alleges that Defendant DHS engaged in a pattern of "subtle and overt harassment designed to coerce [her] into leaving her employment." *See* ECF No. 5 at 2. Before the Court is DHS' motion to dismiss, or in the alternative, motion for summary judgment. Also before the Court is Plaintiff's motion to amend her complaint. For the reasons set forth below, Defendant's motion to dismiss is granted, Plaintiff's motion to amend is denied as futile, and Defendant's alternative motion for summary judgment is rendered moot.

## Factual Background

Plaintiff Jill Decker began working for the Department of Homeland Security ("DHS") as an immigration officer in 2015. As

a part of her employment, Plaintiff was required to complete the Basic Training Program. At the conclusion of the training, she failed the basic exam. Plaintiff cites several reasons for this failure including personal distress, as well as a mistake by DHS in which it gave her misinformation. Plaintiff alleges that she was demoted after failing the basic exam, and that Defendant refused to allow her to retake the exam.

Plaintiff first challenged her demotion at a proceeding administered by the United States Merit Systems Protection Board ("MSPB") in 2017. During that proceeding, she did not raise allegations of age or sex discrimination. Plaintiff claims that following the MSPB proceeding, she learned that Defendant DHS had allowed a male employee to retake the basic exam, an opportunity that she had been denied.

Plaintiff's complaint alleges that a male employee also working at DHS was afforded the opportunity to retake the basic exam after failing. Plaintiff further claims that Defendant denied her the opportunity to retake the exam on the basis of age and sex, and that following her demotion, she was subjected to harassment by her employer which she believes was designed to force her resignation. Plaintiff seeks a judgment against DHS for compensatory damages, including emotional distress and wage loss, as well as any other relief the Court deems just and equitable.

**Procedural History**

Plaintiff first filed suit in a Vermont state court on December 19, 2019. On May 11, 2020, Plaintiff moved to dismiss her own complaint, which was granted without prejudice. On March 17, 2021, Plaintiff filed the same complaint in the Chittenden Unit of the Vermont Superior Court. Defendant DHS subsequently removed the suit to federal court on June 21, 2021. Defendant now brings a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction or in the alternative, a motion for summary judgment. Plaintiff brings a motion to amend her complaint, which Defendant opposes.

**Legal Standard**

The Court will first address Defendant's motion to dismiss. On a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Under this standard, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* at 13. Furthermore, subject matter jurisdiction "must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU*

*v. Potter*, 343 F.3d 619, 623 (2d. Cir. 2003) (quoting *Shipping Fin. Servs. Corp v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)). When assessing a Rule 12(b)(1) motion, the Court "may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question." *See Perry v. O'Neil*, 212 F. Supp. 2d 99, 105 (E.D.N.Y. 2002) (citing *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n.6 (2d Cir. 2001)).

## Discussion

Plaintiff alleges sex and age discrimination. Those claims are correctly analyzed under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). *See Bumpus v. Runyon*, No. 94 Civ. 2570, 1997 WL 154053, at *4 (citing *Ray v. Nimmo*, 704 F.2d 1480, 1485 (11th Cir. 1983))("[T]he ADEA provides the exclusive remedy for federal employees who allege age discrimination."), *aff'd*, 152 F.3d 917 (2d Cir. 1998); *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996) ("Title VII is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex, or national origin.")(internal quotation marks omitted).

Both Title VII and the ADEA contain statute of limitations and exhaustion requirements. In general, before filing a claim under the ADEA or Title VII, a federal employee must "exhaust the administrative remedies at his disposal." *Downey v. Runyon*,

4

160 F.3d 139, 145 (2d Cir. 1998). "Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court." *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (quoting *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000)).

The Equal Employment Opportunity Commission ("EEOC") establishes the administrative procedures that a federal employee must follow. Under these guidelines, an employee must contact an EEO Counselor at the relevant agency within 45 days of the discriminatory act. *See* 29 C.F.R. § 1614.105(a)(1). If the matter remains unresolved, the employee can file an official complaint with the agency. *See id*. § 1614.106(a)-(b). If a complaint contains one or more issues to be appealed, the complaint is referred to as a "mixed case," and the employee would proceed through the MSPB. *See id*. §§ 1614.302(a)(2). For all other complaints, the employee must file an EEO complaint within 15 days of his or notice of final interview and right to file a formal complaint. *See id*. § 1614.106(a)-(b). After formally filing with the EEOC, an employee may file a civil action in federal court "[w]ithin ninety days of that agency's final decision, or after the passage of 180 days from the filing of the complaint with the agency if no final decision has yet

5

been rendered . . . ." *See Boos v. Runyon*, 201 F.3d 178, 181 (2d Cir. 2000).

Here, Plaintiff did not follow these procedures, nor did she exhaust her administrative remedies. Plaintiff stated that she does not intend "this litigation as an appeal of the MSPB decision from June 2017." *See* ECF No. 16 at 4. As a result, the Court will disregard the MSPB process. To proceed to federal court for this claim, independent from her MSPB filing, Plaintiff was required to file a formal EEO complaint, which she has not done. *See* ECF NO. 16 at 3 (Plaintiff acknowledging that she "should have filed a Complaint with the EOC," but she did not). In general, failure to comply with the administrative requirements will bar a plaintiff from proceeding in federal court. *See McPherson v. N.Y.C. Dep't of Educ.,* 457 F.3d 211, 213 (2d Cir. 2006) ("Under Title VII and the ADEA, a plaintiff can sue in federal court only after filing timely charges with the EEOC.").

Plaintiff's failure to exhaust in this case is fatal because the statutes of limitations for both of her claims have run. She brings these claims six years after the event in question. As discussed above, the EEOC requires that claims under Title VII and the ADEA generally must be brought with 180 days. Plaintiff alleges that she did not learn about the treatment of a male employee, which gave rise to her

6

discrimination claims, until after the conclusion of her MSPB hearing. However, she filed her original complaint alleging age and sex discrimination in June 2019. Therefore, assuming that she knew at the very latest by June 2019 about the alleged discrimination, her claims still fall outside of the 180-day window. Because both of Plaintiff's claims are time barred, the Court's inquiry stops there.

Given that both of Plaintiff's claims are time barred, her motion to amend is denied as futile. Plaintiff's argument that her amendments to the complaint will render this case justiciable, transforming it into an employment contract dispute, is incorrect. Plaintiff brings age and sex discrimination claims against her former federal employer. As discussed above, the only avenue for a federal employee to procure relief for sex or age-based discrimination claims is through the ADEA and Title VII, both of which are governed by EEOC guidelines—which Plaintiff has failed to follow in a timely fashion.

## Conclusion

In summary, Plaintiff was allegedly denied the opportunity to retake an employment exam by DHS in 2015. She now brings discrimination claims under Title VII and the ADEA. Under both statutes, a claimant must adhere to exhaustion and statute of limitation requirements. DHS alleges that Plaintiff has not met

either of these requirements and thus her case should be dismissed. The Court agrees. Given that Plaintiff's claims are untimely under both statutes, her motion to amend is denied as futile. Defendant DHS' motion to dismiss is granted and the Court need not address Defendant's alternative motion for summary judgment.

DATED at Burlington, in the District of Vermont, this 29th day of April 2022.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge
